PIKE OFF OTA v. OKLAHOMA TURNPIKE AUTHORITY
2023 OK 57
Case Number: 121039
Decided: 05/23/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 57, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

PIKE OFF OTA, INC., AMY CERATO, MIKE LEARY, VINCE DOUGHERTY, TERRIE CLUB, MIKE CLUB, TWYLA SMITH, CALI COWARD, KAREN POWELL, MIKE POWELL, CEDRIC LEBLANC, DARLA LEBLANC, CLAUDETTE WISPE, MARK DOOLING, NATE PIEL, KARA PIEL, NIKKI WHITSON, JOHN WHITSON, ROBERT WALLACE, CHELSEA WALLACE, ROBIN STEAD, ANNA OLSON, TASSIE HIRSCHFELD, ICE BLAST LLC, and JANETTE WARD, Plaintiffs/Appellants,
v.
OKLAHOMA TURNPIKE AUTHORITY, Defendant/Appellee.
ON APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY
Honorable Timothy L. Olson, Trial Judge
¶0 The appellants challenge the Oklahoma Turnpike Authority's authority to construct new turnpikes under the ACCESS Oklahoma Program. The Oklahoma Turnpike Authority moved to dismiss the appellants' claims, arguing that the claims are within the exclusive original jurisdiction of this Court. The district court granted the Oklahoma Turnpike Authority's motion to dismiss, and the appellants appealed. This Court retained the case. We hold that this Court has exclusive original jurisdiction to determine whether the Oklahoma Turnpike Authority is authorized to construct the proposed turnpikes in the bond validation matter. We further rule that the appellants failed to establish that they have a clear legal right to the injunctive and/or mandamus relief sought. The appellants' claim is also dependent upon the Court exercising its exclusive jurisdiction in the bond validation proceeding.
DISTRICT COURT'S JUDGMENT AFFIRMED.
Robert E. Norman, Cheek & Falcone, PLLC, Oklahoma City, Oklahoma, for Appellants.
Phillip G. Whaley and Grant M. Lucky, Ryan Whaley, Oklahoma City, Oklahoma, for Appellee.
Winchester, J. 
¶1 Appellants Pike Off OTA, Inc., Amy Cerato, Mike Leary, Vince Dougherty, Terrie Club, Mike Club, Twyla Smith, Cali Coward, Karen Powell, Mike Powell, Cedric Leblanc, Darla Leblanc, Claudette Wispe, Mark Dooling, Nate Piel, Kara Piel, Nikki Whitson, John Whitson, Robert Wallace, Chelsea Wallace, Robin Stead, Anna Olson, Tassie Hirschfeld, Ice Blast LLC, and Janette Ward (collectively Appellants) brought their claims in the Cleveland County District Court, challenging the Oklahoma Turnpike Authority's (OTA) authority to construct three proposed turnpikes: the Tri-City Connector, the East-West Connector, and the South Extension. The OTA moved to dismiss these claims, arguing that Appellants' claims are within the exclusive original jurisdiction of this Court. The district court granted the OTA's motion to dismiss, and Appellants appealed. This Court retained the case.
¶2 The issues before the Court are (1) the constitutionality of , conferring on this Court the exclusive original jurisdiction to determine the validity of proposed bonds to construct and operate turnpikes; (2) whether Appellants' claims challenging the OTA's authority to construct the three proposed turnpikes fall within the Court's exclusive original jurisdiction; and (3) whether Appellants' claim for injunctive and/or mandamus relief regarding the OTA's alleged violations of the legal duties, obligations, and rights of Appellants and other Oklahoma citizens in building the turnpikes falls within the Court's exclusive jurisdiction.
¶3 For the reasons stated herein, we hold § 1718 is constitutional, as the Oklahoma Constitution specifically provides that appellate courts may exercise such jurisdiction as conferred by statute, and Appellants' claims challenging OTA's authority to construct the three proposed turnpikes fall within the exclusive jurisdiction of this Court. See Okla. Const. art. VII, § 4. We further rule that Appellants failed to establish that they have a clear legal right to the injunctive and/or mandamus relief sought. Instead, Appellants only vaguely pled duties that the OTA may violate at some point in the future. Further, Appellants' claim demanding that the OTA comply with some undefined laws or statutory duties is contingent upon whether this Court approves the OTA's proposed bond issue. Therefore, the claim is dependent upon the Court exercising its exclusive jurisdiction in the bond validation proceeding. The district court did not err in granting the OTA's motion to dismiss.
FACTS AND PROCEDURAL HISTORY
¶4 In early 2022, the OTA announced a set of proposed new turnpikes and other projects to improve current turnpikes and their infrastructure, titling the project ACCESS Oklahoma. The three proposed turnpikes are 1) the Tri-City Connector, running around the west side of the Will Rogers World Airport to I-44; 2) the East-West Connector, connecting the H.E. Bailey Turnpike around Newcastle heading east on Indian Hills Road to the south of Draper Lake, then heading northeast connecting to the Kickapoo Turnpike and completing the Oklahoma City Outer Loop (Loop); and 3) the South Extension, running from I-35 west of Slaughterville and north of Purcell, across the South Canadian River and north through Norman, west of Thunderbird Lake, connecting with the East-West Connector.
¶5 The issues in this case involve the last two segments to connect and finalize the Loop (the Tri-City Connector and the East-West Connector) and the final segment of the South Extension. On May 2, 2022, Appellants filed their petition in the district court, claiming (1) the OTA lacks statutory authorization to construct the South Extension; (2) the OTA has exceeded its statutory authorization by seeking an additional bond issue to complete the Loop; and (3) even if legally authorized, how the OTA is attempting to build the turnpikes violates Oklahoma citizens' legal and due process rights under several state and federal laws.
¶6 On June 13, 2022, the OTA filed a Motion to Dismiss, arguing that pursuant to , the Supreme Court has exclusive subject matter jurisdiction over Appellants' claims. Appellants responded, claiming the exclusive original jurisdiction provisions of § 1718 are unconstitutional. They further argued that even if this Court has jurisdiction, their claim for injunctive and/or mandamus relief arising from the OTA's violations of their rights does not fall within the Court's exclusive jurisdiction to validate bonds.
¶7 On August 10, 2022, the OTA filed an original action requesting that this Court approve revenue bonds to finance the construction of the three proposed turnpike projects, update and repair turnpike facilities and infrastructure, refund prior revenue bonds and notes, and pay other costs. On September 9, 2022, Appellants filed a protest in the bond validation matter, arguing the OTA lacked statutory authority to issue additional bonds to finalize the Loop and lacked authority to construct the South Extension. On October 10, 2022, the Court entered an order assuming original jurisdiction.
¶8 On December 12, 2022, the district court sustained the OTA's Motion to Dismiss, holding Appellants' claims were virtually the same as those outlined in their protest filed in the Supreme Court bond validation matter and the Court has original and exclusive jurisdiction to hear Appellants' claims. Appellants appealed. This Court retained the appeal.

STANDARD OF REVIEW
¶9 The Court reviews a district court's grant of dismissal motions de novo. See, e.g., Farley v. City of Claremore, , ¶ 17, , 1224 (an order granting a motion to dismiss that raises a jurisdictional issue is reviewed de novo). At issue in this case is the constitutionality of . Whether a statute is constitutional is also a question of law subject to this Court's de novo review. Lee v. Bueno, , ¶ 6, , 739. In exercising de novo review, "this Court possesses plenary, independent, and non-deferential authority to examine the issues presented." Id. ¶ 6, 381 P.3d at 740. When determining the constitutionality of a statute, "courts are guided by well-established principles, and a heavy burden is cast on those challenging a legislative enactment to show its unconstitutionality." Id. ¶ 7, 381 P.3d at 740. The party seeking a ruling that a statute is unconstitutional has the burden to show the statute is clearly, palpably, and plainly inconsistent with the Constitution. Lafalier v. Lead-Impacted Cmtys. Relocation Assistance Tr., , ¶ 15, , 188.
ANALYSIS
I. The statute by which the Legislature conferred upon the Court exclusive original jurisdiction to determine the validity of proposed bonds to construct and operate turnpikes is constitutional. 
¶10 The Legislature conferred upon the Court "exclusive original jurisdiction" to determine the validity of proposed bonds to construct and operate turnpikes. . The Court's exclusive original jurisdiction entails:
The Authority is authorized in its discretion to file an application with the Supreme Court of Oklahoma for the approval of any bonds to be issued hereunder, and exclusive original jurisdiction is hereby conferred upon the Supreme Court to hear and determine each such application. . . . If the Court shall be satisfied that the bonds have been properly authorized in accordance with this article and that when issued, they will constitute valid obligations in accordance with their terms, the Court shall render its written opinion approving the bonds and shall fix the time within which a petition for rehearing may be filed. The decision of the Court shall be a judicial determination of the validity of the bonds, shall be conclusive as to the Authority, its officers and agents, and thereafter the bonds so approved and the revenues pledged to their payment shall be incontestable in any court in the State of Oklahoma.
Id. Appellants argue that is unconstitutional. They note that while § 1718 gives the Court exclusive original jurisdiction, when Article VII, Section 7(a) of the Oklahoma Constitution was adopted by a vote of the people in 1967, it gave all district courts "unlimited original jurisdiction," overriding the Legislature's grant of jurisdiction to this Court and giving district courts and the Supreme Court concurrent jurisdiction.
¶11 In support, Appellants point to Article VII, Section 7(a) of the Oklahoma Constitution, which states that "[t]he District Court shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article." Okla. Const. art. VII, § 7.
¶12 Appellants, in making their argument, omit the portion of the sentence in Section 7(a), "except as otherwise provided in this Article." Id. (emphasis added). In other words, the district courts have jurisdiction except where Article VII of the Constitution limits it or confers it on another court. See Colton v. Huntleigh USA Corp., , ¶10, , 1073; State ex rel. Sw. Bell Tel. Co. v. Brown, , ¶21, , 495.
¶13 In Article VII, Section 4, the Oklahoma Constitution gives appellate courts the "power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute." Okla. Const. art. VII, § 4 (emphasis added). The Constitution expressly empowers the Court to exercise jurisdiction conferred by statute, including the jurisdiction conferred upon it in § 1718. See, e.g, In re Application of Okla. Dep't of Trans., , ¶ 6 n.5, 682 P.3d 1000, 1002 n.5; see also In re Matter of Okla. Dev. Fin. Auth., , ¶ 9, , 1056.
¶14 We also note that this Court has acted under § 1718 many times to approve bonds since 1969. See, e.g., In re Application of Okla. Tpk. Auth, , ¶ 1, , 59-60 (noting that the proceeding was authorized pursuant to § 1718); In re Application of Okla. Tpk. Auth., , ¶ 2, , 319 (holding that under § 1718, the Court is vested with exclusive, statutory original jurisdiction to hear and determine the OTA's applications for bond approval); In re Application of Okla. Tpk. Auth., , ¶ 3, , 18 (noting that the proceeding was authorized by § 1718, giving the Court original jurisdiction in the cause); Application of Okla. Tpk. Auth., , ¶ 3, , 952 (holding the Court accepted jurisdiction pursuant to § 1718). And this Court is currently exercising original jurisdiction under § 1718 in the bond validation proceeding for the three proposed turnpikes.

¶15 The Oklahoma Constitution clearly permits the Legislature to confer exclusive original jurisdiction upon the Court under § 1718 to hear and determine an application for bond validation to construct and operate turnpikes, and the statute is constitutional.
II. Appellants' claims challenging the OTA's authority to finalize the Loop and build the South Extension fall within this Court's exclusive jurisdiction.
¶16 We now turn to the issue of whether Appellants' claims that the OTA lacks statutory authorization to finalize the Loop and build the South Extension fall within this Court's exclusive jurisdiction. For over 70 years, this Court construed the Legislature's grant of jurisdiction as giving the Court sole authority to determine all questions of sufficiency of the law to authorize bonds and construct turnpikes. Okla. Tpk. Auth. v. Dist. Court of Lincoln Cty., , ¶ 11, , 518. The Court must consider the validity of the bonds, the constitutionality of the bonds, and the OTA's authority to construct and operate turnpikes. Id. ¶ 6, 222 P.2d at 517. Appellants' claims regarding (1) whether the OTA lacks statutory authorization to construct the South Extension, and (2) whether the OTA has exceeded its statutory authorization by seeking an additional bond issue to complete the Loop are directly within the exclusive jurisdiction of this Court.
¶17 The OTA invoked the Court's exclusive jurisdiction under § 1718 when it filed its application with this Court to validate the bonds for these turnpikes. And that exclusive jurisdiction makes any determination by this Court binding upon the lower court. To hold otherwise might present a conflict of jurisdictions where this Court approves the bonds and the OTA's ability to proceed with its proposed turnpikes and a judgment by the district court bars the OTA from exercising this authority. See id. ¶ 8, 222 P.2d at 517. Even a potential conflict of jurisdiction between the two courts should be avoided.
¶18 This Court gained exclusive jurisdiction to consider the questions raised by Appellants in the district court when the OTA filed its application to validate the proposed bonds. In fact, Appellants have filed a protest placing these exact claims at issue in the bond validation matter. The district court did not err in granting the OTA's motion to dismiss Appellants' claims regarding whether the OTA lacks the statutory authorization to finalize the Loop and build the South Extension.
III. Appellants' claim demanding that the OTA comply with laws or statutory duties is contingent upon whether this Court approves the OTA's proposed bond issue.
¶19 Appellants further argue that the district court erred in dismissing their claim for injunctive and/or mandamus relief for the OTA's alleged violations of legal duties, obligations, and rights of Appellants and Oklahoma citizens in building the proposed turnpikes. Appellants contend that the claim has a subject matter that is separate and not dependent upon this Court's decision in the bond validation case. We disagree.
¶20 Appellants requested preliminary and permanent injunctive and/or mandamus relief from the district court compelling the OTA to perform, comply with, and abide by all legal duties, obligations, and due process rights of Appellants and other Oklahoma citizens. Appellants vaguely alleged these duties or obligations in their petition and amended petition, listing thorough and adequate economic studies, environmental studies, feasibility studies, geological studies, studies regarding impacts on citizens and their property, alternative route studies, and conservation resource easement impact studies without citing specific laws that create duties or obligations that the OTA must follow. Appellants also failed to make any allegation that the OTA has violated any specific law or statutory duty. Instead, Appellants requested that the district court order the OTA to comply with these unspecified duties or obligations.
¶21 Appellants are not seeking the typical preventative or prohibitive injunction to preserve the status quo. Instead, Appellants seek a mandatory injunction, which is an "extraordinary remedial process that commands the performance of some positive act." See Owens v. Zumwalt, , ¶ 8, 503 P.3d 1211, 1214. The rules regarding injunctions are more strictly construed when applied to mandatory injunctions. Appellants seeking a mandatory injunction must show a violation of a clear legal right and a case of necessity and great hardship. Id.
¶22 In the same way, mandamus may only be issued by a district court to compel the performance of an act that the law specially enjoins as a duty resulting from an office, trust, or station. . However, to avail themselves of this equitable remedy, Appellants must show they have a clear legal right to it and that the law otherwise provides no adequate relief. And the OTA must have a plain legal duty in which the exercise of discretion is not implicated. Okla. Gas & Elec. Co. v. Dist. Court, Fifteenth Judicial Dist., Cherokee Cty., , ¶ 8, , 63; Marland v. Hoffman, , ¶ 11, , 289. And being without an absolute right to the extraordinary remedy, it is within the discretion of the court to withhold relief if the relief sought is not clear. Porch v. Hayes, , ¶ 8, , 242. Here, Appellants fail to specify any legal duty or obligation that OTA will violate at some point in the future and, in turn, have not pled a clear legal right to the relief sought.
¶23 Even more, the relief sought by Appellants is under the jurisdiction of this Court, as this Court has exclusive jurisdiction to determine the OTA's authority to construct and operate the proposed turnpikes. Appellants' claim demanding that the OTA comply with unspecified duties or obligations is contingent upon whether this Court approves the OTA's proposed bond issue. The exact issue of the OTA's authority to construct and operate the proposed turnpikes is to be determined by the Court under its exclusive jurisdiction in the bond validation proceeding. Therefore, the district court did not err in granting the OTA's motion to dismiss regarding Appellants' claim for injunctive and/or mandamus relief.
CONCLUSION
¶24 This Court has exclusive original jurisdiction to determine Appellants' claims that the OTA does not have the authority to construct the proposed turnpikes. We further rule that Appellants failed to establish that they have a clear legal right to the injunctive and/or mandamus relief sought. Appellants' claim is also dependent upon the Court exercising its exclusive jurisdiction in the bond validation proceeding. For these reasons, the district court did not err in granting the OTA's motion to dismiss.
DISTRICT COURT'S JUDGMENT AFFIRMED.
CONCUR: KANE, C.J., ROWE, V.C.J. (BY SEPARATE WRITING), KAUGER, WINCHESTER, EDMONDSON, GURICH, DARBY AND KUEHN, JJ.
NOT PARTICIPATING: COMBS, J.
FOOTNOTES
 ACCESS stands for "Advancing and Connecting Communities and Economies Safely Statewide."
 Appellants note that the order entered by the Court stated that the "assumption of jurisdiction does not extend to the matters now pending before the District Court, nor does our assumption of jurisdiction serve to stay the issues now pending before the District Court." The Court entered this order without making any determination of the Court's jurisdiction as to the matters pending before the district court at the time because those issues were not directly before this Court.
 Other statutes also confer exclusive original jurisdiction on the Supreme Court. See, e.g., ; ; ; and 1085.42.

ROWE, V.C.J., concurring:
¶1 I concur in the Court's judgment that is constitutional and that Appellants' claims fall within this Court's exclusive jurisdiction. I write separately to stress that our holding in this matter has no bearing on the outcome of the Oklahoma Turnpike Authority's request to validate the issuance of the bond package to finance the ACCESS Oklahoma projects, currently pending before us.
FOOTNOTES
 See In re Application of Okla. Tpk. Auth. for Approval of Not to Exceed $500,000,000 Okla. Tpk. Sys. Second Senior Lien Revenue Bonds, Series 2022, No. 120,619 (Okla. filed Aug. 10, 2022).